```
                                                              FILED
                                                      2011 Feb-02 PM 03:40
                                                       U.S. DISTRICT COURT
                                                        N.D. OF ALABAMA
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

## MIDDLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CASE NO. 4:10-CR-438-KOB-TMP |
| ) | |
| CHARLES DAVID BLALOCK ) | |

## PLEA AGREEMENT

The Government and defendant CHARLES DAVID BLALOCK hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to plead guilty to **COUNTS ONE and TWO** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Special Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.



# TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT

The Parties understand that the maximum statutory punishment that may be imposed for the crime of unlawful possession a firearm which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d), as charged in COUNT ONE, is:

    a.    Imprisonment for not more than 10 years;

    b.    A fine of not more than $10,000, or,

    c.    Both (a and b);

    d.    Supervised release of not more than 3 years; and

    e.    Special Assessment Fee of $100.

The defendant further understands that the maximum statutory punishment that may be imposed for the crime of felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), as charged in COUNT TWO, is:

    a.    Imprisonment for not more than 10 years;

    b.    A fine of not more than $250,000;

    c.    Supervised release term of not more than 3 years; and

    d.    Special Assessment Fee of $100.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On November 18, 2009, a Confidential Informant (hereafter "CI") was contacted by the defendant, Charles David Blalock. The defendant showed the CI two short-barreled shotguns in a duffel bag and offered to sell him the firearms for a total of $200. The CI informed the defendant that he knew someone who would be interested in purchasing the weapons. The CI thereafter notified law enforcement of the defendant's offer.

On November 19, 2009, the CI met with ATF Special Agent Jay Bagwell and, at the direction of the agent, placed a recorded telephone call to the defendant. The CI notified the defendant that he would purchase both short-barreled shotguns for $200 as he had requested. The defendant then instructed the CI to meet him at his residence. The CI was searched and wired with an audio transmitter by Agent Bagwell before leaving to meet the defendant.

Prior to arriving at the defendant's residence, the CI received a telephone call from the defendant changing the location from his residence to a different location in Centre, Alabama. After receiving confirmation from Agent Bagwell to proceeded with the purchase, the CI continued and met the defendant

Defendant's Initials

at the Norwood Trailer Park. Upon arrival, the CI exited his vehicle and met the defendant inside the residence. Once inside, the defendant showed the CI both short-barreled shotguns and demonstrated how to load the firearms. Prior to exchanging the firearms for the $200, the defendant wiped down both firearms to remove any fingerprints.

After purchasing the firearms, the CI left and met Agent Bagwell at a predetermined location. Agent Bagwell recovered two Marlin 12 gauge shotguns that had been sawed off at the barrel to 11 inches. The firearms were collected as evidence. A check in the National Firearm Registration and Transfer Record revealed that neither firearm had been registered to the defendant. An interstate nexus search revealed that both shotguns were manufactured in Connecticut.

The defendant was convicted on May 18, 2007, in the Circuit Court of Cherokee County, Alabama, of the offense of Unlawful Distribution of a Controlled Substance.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts**

do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.

_____
CHARLES DAVID BLALOCK

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

(a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

(b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

(c) That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised

release as set forth in U.S.S.G § 5D1.3, and to the special condition(s) set by the Court;

(d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) That the defendant be required to pay restitution as ordered by the court on the date sentence is pronounced. If any other restitution becomes known to the government before the date of sentencing, the government reserves the right to request additional restitution; and

(f) That the defendant pay a special assessment fee of $200, said amount due and owing as of the date sentence is pronounced.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>

**In consideration of the recommended disposition of this case, I,**

CHARLES DAVID BLALOCK , hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding either or both of the following:

    (a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s); and

    (b)    Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and

understands that the government retains its right to appeal where authorized by statute.

I, CHARLES DAVID BLALOCK, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
CHARLES DAVID BLALOCK

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any**

Defendant's Initials _/s/_

**condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as

it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

Defendant's Initials

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

Defendant's Initials

## XIII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of FIFTEEN (15) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____ None
[Def. Drug Status last 24hrs]

I understand that this Plea Agreement will take effect and will be binding as

to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

2-2-11
DATE

_____
CHARLES DAVID BLALOCK
Defendant


## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

2/2/11
DATE

_____
ALISON WALLACE, ESQ.
Defendant's Counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

2-2-11
DATE

C. DAVID BIGGERS, JR.
Special Assistant United States Attorney